IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEITH, | ) | CASE NO. 1:08 CV 1687 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| DAVID BOBBY, WARDEN, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner, Kevin Keith's (hereinafter "Keith"), Motion to Alter or Amend Judgment Under Federal Rule of Procedure 59(e). (Dkt. # 9.) The Respondent filed a brief in opposition to the Motion, (Dkt. # 10), to which Keith filed a reply. (Dkt. # 11.) For the reasons stated below, the Court will deny the Motion but will grant Keith's request for a Certificate of Appealability (hereinafter "COA").

**I. Procedural Background**

Keith filed a federal habeas petition on September 3, 1999. (Case No. 1:99 CV 657, at Dkt. # 11). After reviewing the claims contained therein, the Court denied the petition on June 14, 2001. (Id. at Dkt. # 62.) On July 11, 2008, Keith filed a second federal habeas petition. (Case No. 1:08 CV 1687, at Dkt. # 1.) The Court held that it had no jurisdiction to review the petition because it was a successive petition pursuant to 28

U.S.C. § 2244(b)[1] and issued an Order of Transfer to the Sixth Circuit Court of Appeals on July 18, 2009.  (Dkt. # 6.)  On January 13, 2009, the Sixth Circuit issued an opinion denying Keith's motion to for an order authorizing this Court to consider his second petition.  Keith v. Bobby, 551 F.3d 555 (6th Cir. 2009).

Keith then filed the Rule 59(e) Motion now decisional before this Court.  He asks the Court to reconsider its decision finding his numerically second petition to be a second or successive petition subject to the conditions of 28 U.S.C. § 2244(b)(2).  If the Court will not reconsider its prior decision, Keith asks that the Court issue a COA on its ruling so that he can appeal it to the Sixth Circuit.  Alternatively, Keith maintains that if the Court will neither grant the Motion nor certify its denial for appeal, it should either certify the successor petition issue as a question of law under 28 U.S.C. § 1292(b) or apply the

---

[1] That statute states in pertinent part:
**§ 2244.  Finality of Determination**
\* \* \*
**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence
\* \* \*
**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
28 U.S.C. § 2244.

collateral order doctrine under 28 U.S.C. § 1291to allow an appeal.

## II. Standard of Review

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." CGH Transp. Inc. v. Quebecor World , Inc., 261 Fed. Appx. 817, 823 (6th Cir. 2008) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). Any "newly discovered evidence" the moving party provides must have been previously unavailable. Id. (citing GenCorp, 178 F.3d at 834). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

In addition to the substantive requirements of a successful Rule 59(e) motion, the Rule also states that "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has no jurisdiction to modify or extend the ten-day limitation period set forth in the Rule. Morris v. Unum Life Ins. Co. of Am., 430 F.3d 500, 502 (1st Cir. 2005).

## III. Law and Argument

### A. Keith's Motion is Untimely

The Court issued its Order of Transfer on July 18, 2008. Thus, Keith's filing of the Rule 59(e) Motion on January 26, 2009, is well outside the ten-day period. While Keith acknowledges the time limitation in Rule 59(e), he argues that the Order of Transfer was not a final order. He contends that the issue of whether his numerically second petition was a successive petition under § 2244(b) was not ripe until after the Sixth Circuit issued its opinion, on January 19, 2009. Once the Sixth Circuit failed to decide the successive petition issue on appeal, Keith maintains, the issue became ripe for this Court to reconsider its Order of Transfer construing Keith's second petition as a second or successive petition under § 2244(b).

Keith's argument is unpersuasive. The purpose of the time requirement in a Rule 59(e) motion is to permit a court the opportunity to correct its errors of fact or law in an expeditious manner. Here, Keith asks the Court to alter its July 18, 2008, Order of Transfer well outside of the ten-day limitations period. As stated above, this Court has no jurisdiction to extend the time period beyond the ten days provided in the Rule.

Keith argues that the Court's Order of Transfer was not a final order that could be subject to a Rule 59(e) motion at the time of issuance. He claims that the Sixth Circuit's failure to decide the successive petition issue on appeal enabled him to file a Rule 59(e) motion before this Court. While it is usual Sixth Circuit practice to first decide whether a second petition falls under the purview of § 2244(b) before applying the statute, Keith observes that the Sixth Circuit did not do so in this instance. He therefore concludes that this Court's Order of Transfer became "final" for purposes of requesting an alteration of its judgment only after the Sixth Circuit issued its opinion.

This argument defies logic. The Court cannot predicate the ten-day limitations period in the Rule on anything other than its own Order of Transfer– the Order that Keith now seeks to alter or amend. Because Keith filed the Motion well beyond ten days after the Court issued its Order of Transfer, the Motion is untimely.[2]

### B. The Sixth Circuit Decision Is Not Preclusive

Prior to deciding whether it would have granted Keith's Motion if it were timely, the Court addresses the initial matter of whether the Sixth Circuit's opinion would have precluded the Court from reviewing the Motion in the first instance. Under the "law of the case" doctrine, a court cannot reconsider any previously decided issue unless certain extraordinary circumstances are present. Westside Mothers v. Olszewski, 454 F.3d 532, 538 (6th Cir. 2006). Thus, even though Keith asks the Court to alter or amend its own previous order, it would be precluded from doing so if the Sixth Circuit (or its own previous order) already had determined that Keith's petition was a successive petition subject to the requirements of § 2244(b).

As Keith correctly observes in his Reply, however, the Sixth Circuit never adjudicated on whether Keith's subsequent petition is a successive petition. Instead, the Sixth Circuit merely applied § 2244(b) without expressly holding whether Keith's petition was subject to its restrictions. Keith v. Bobby, 551 F.3d 557-58 (6th Cir. 2009).

---

[2] The Court notes that, pursuant to 28 U.S.C. § 2244(b)(3)(E), Keith cannot petition the Sixth Circuit for a rehearing en banc or petition the United States Supreme Court for a writ of certiorari appealing the Sixth Circuit's decision to deny him authorization to file a successive petition. In re King, 190 F.3d 479, 480 (6th Cir. 1999).

The Court therefore can issue a decision on this issue under the law of the case doctrine without contradicting a prior Sixth Circuit decision to the contrary.

### C. Keith's Motion Would Not Have Succeeded

If not time barred, the Court likely would not have altered its Order of Transfer, which found that Keith's numerically second petition was a successive petition under § 2244(b). While the statute does not define the terms "second or successive," courts have held that numerically second petitions are not, pro forma, successive under the statute. James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002). Rather, courts have looked to the pre-Anti-Terrorism and Effective Death Penalty Act "abuse of writ" doctrine to determine when a subsequent petition should be construed as a second or successive petition under § 2244(b). Under this doctrine, a numerically second petition "is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Id. (citing McClesky v. Zant, 499 U.S. 467, 493-95 (1991) (further citations omitted).

Courts have held that a subsequent petition is not second or successive on various grounds. See, e.g., Panetti v. Quaterman, 551 U.S. 930 (2007) (holding Ford claim in subsequent petition not second or successive under § 2244(b)); Slack v. McDaniel, 529 U.S. 473, 487-88 (2000) (finding second petition filed subsequent to state court exhaustion of claims was not subject to § 2244(b) when court did not adjudicate claim on the merits in first petition); Douglas v. Workman, 560 F.3d 1156, 1189 (10th Cir. 2009) (concluding supplemental Brady claim raised in second petition did not require petitioner to satisfy § 2244(b) requirements).

The Sixth Circuit has adopted this approach, distinguishing instances where § 2244(b) should apply from instances where a subsequent petition is not "successive" under the statute. In In re Bowen, 436 F.3d 699 (6th Cir. 2006), for example, the Court applied the abuse of writ doctrine, determining that the petitioner's numerically second petition was not a second or successive petition under § 2244(b). The Bowen Court observed that a second petition is subject to § 2244(b) when a petitioner fails to raise a claim in the first petition "either due to deliberate abandonment or inexcusable neglect." Id. at 704 (citing McClesky, 499 U.S. at 489). The Bowen Court held that, based on the law as it existed at the time of the filing of the first petition, the petitioner's second petition filed after exhausting a claim as required by that law, was not abusive. Id. at 705. The Bowen petitioner therefore was not required to satisfy the conditions set forth in § 2244(b)(2) prior to the district court reviewing the second petition.

In circumstances where the factual predicate could have been discovered at the time of the filing of the first petition, however, the Sixth Circuit has held the second petition to be successive under § 2244(b). See In re Marsch, 209 Fed. Appx. 481, 483 (6th Cir. 2006) (finding § 2244(b) applicable to second petition where claim regarding parole board's review of materials was discoverable at time of first petition).

Here, Keith has not demonstrated why he could not have obtained the evidence he produces in the second petition to support his Brady claims prior to filing his first petition. During trial, a State witness testified that one of the surviving victims told his nurse that "Keith" was his attacker. The witness identified the nurse as "Amy Gimmets." (Dkt. # 1, at 8.) Keith now claims that, while a nurse caring for the victim did call the

Bucyrus Police Department to notify it that the victim was awake, she did not relay any other information to police. He also asserts that the State witness provided the incorrect last name of the nurse when testifying during trial. Keith discovered this information in 2007, when newly appointed counsel[3] reviewed the victim's medical records and observed that the only nurse named "Amy" who cared for the victim had a different last name than what the State witness had stated during trial. Counsel thereafter contacted the nurse and obtained a statement from her in which she denied ever revealing to the police that the victim named his attacker.

Keith also claims that he has newly discovered evidence suggesting that another perpetrator was responsible for the murders. He learned that a man named Rodney Melton had told an informant that he was paid to attack the victims because they were related to a man responsible for informing police about illegal activity that led to police raids. Habeas counsel obtained this information by filing a public records request to the Ohio Board of Pharmacy on July 2, 2007. (Dkt. # 1, at 25.)

The Ohio Public Defender was thorough in its investigative efforts on Keith's behalf. It is unclear, however, why Keith's prior counsel could not have obtained this information in time to include it in his 1999 federal habeas petition. Keith does not indicate that any of this information could not have been acquired through the same channels that the Ohio Public Defender obtained it in 2007.

---

[3] The Office of the Ohio Public Defender was appointed to represent Keith in 2007, when Keith requested that his prior counsel be removed from the case. (Dkt. # 1, at 6).

Keith argues that he is not required to "scavenge for hints of undisclosed Brady material when the prosecution represents that all such material has been disclosed," under Banks v. Dretke, 540 U.S. 668, 695 (2004).  He claims that he should not have been required to comb through the victim's medical records to search for nurse "Amy" when the State witness incorrectly identified her during trial.

Keith does not show, however, that the State was the only means by which he could have obtained this information.  As Keith's current habeas counsel demonstrate, Keith could have correctly identified the nurse who cared for the victim and procured her statement by reviewing the victim's medical records which were presumably in his possession at the time he filed the first federal habeas petition.  Thus, he is hard pressed to argue that he could not have included these claims in that initial filing.  Accordingly, the Court finds that Keith's second petition is abusive and subject to the requirements of § 2244(b).  The Court would not have altered its decision in the Order of Transfer even if Keith's Rule 59(e) Motion had been timely.

### D. COA Will Issue

Keith asks the Court to issue a COA upon the denial of the Motion.  Section 2253 of Title 28 requires that a habeas petitioner obtain a COA prior to appealing the denial of habeas relief.  That statute states in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.  In Slack v. McDaniel, 529 U.S. 473 (2000), the United States Supreme Court explained the requirements a habeas petitioner must fulfill prior to obtaining a COA under § 2253:

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

Id. at 483–04 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  While the burden to obtain a COA rests squarely on the petitioner, the petitioner is not required to prove that his or her claims ultimately will prevail.  "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).[4]

---

[4] It is unclear whether Keith actually is required to obtain a COA from this Court prior to appealing its decision because he is not appealing a denial of his habeas petition.

In Harbison v. Bell, – U.S. – , 129 S.Ct. 1481 (2009), the Supreme Court recently held that a habeas petitioner is required to obtain a COA only from "final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention." Id. at 1485 (citations omitted).  It therefore concluded that an order that denies a motion to enlarge the scope of appointed counsel's representation is not subject to the COA requirement. Id.

In United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007), however, the Sixth Circuit held that a habeas petitioner was required to obtain a COA when appealing a district court's denial of a Rule 60(b) motion.

Synthesizing these cases, the Court concludes that a Rule 59(e) motion, which is a post-judgment motion similar to a Rule 60(b) motion, does require a COA under the Hardin holding.  The Court, accordingly, considers Keith's request for a COA in the event that the Sixth Circuit finds this step a necessary prerequisite to appeal.

To obtain a COA, Keith must demonstrate both that reasonable jurists would debate this Court's conclusion that his Rule 59(e) Motion is time barred and that its alternative decision denying the motion on the merits also is equivocal. Slack, 529 U.S. at 484. The Court finds that a reasonable jurist could conclude that the issue Keith raised in the Motion – whether the numerically second petition is a second or successive petition – was not ripe until the Sixth Circuit departed from its prior approach and failed to decide this issue on appeal. Thus, a jurist of reason could conclude Keith's filing of the instant Motion within ten days of the Sixth Circuit's decision renders the Motion timely.

Moreover, a reasonable jurist could conclude that the Court's finding that Keith could have acquired the newly discovered evidence prior to filing his first petition is debatable. Although current habeas counsel have demonstrated the ease with which prior counsel could have obtained the nurse's identification and the Melton statement, a jurist of reason could find that, because the State witness provided incorrect testimony during trial, requiring a habeas petitioner to look beyond this incorrect information and investigate further places too high a burden on habeas counsel. The Court therefore issues a COA as to its alternative decision to deny the Rule 59(e) Motion on the merits.

### IV. Conclusion

For the foregoing reasons, the Keith's Motion to Alter or Amend Judgment Under Federal Rule of Procedure 59(e) is hereby **DENIED**. (Dkt. # 9.)

The Court certifies that an appeal of its decision can be taken in good faith pursuant to 28 U.S.C. § 1915(a) and issues a certificate of appealability pursuant to 28

U.S.C. § 2253(c).[5]

**IT IS SO ORDERED.**

<u>S/Peter C. Economus - 6/24/09</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

---

[5] Because the Court issues a COA, it does not address Keith's alternative requests for appeal raised in the Motion.